UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

Docket No. 04-1755-CBS

v.

ANDRE PAGE

## DEFENDANT'S PETITION FOR REVIEW OF DETENTION ORDER

Now comes the defendant, Andre Page, and respectfully requests that this Honorable Court review the order of detention previously entered against him in this case. The defendant prays that this Court enter an order releasing him on conditions as set out below pursuant to 18 U.S.C. 3142.

## BIOGRAPHICAL INFORMATION

The biographical information contained in the Pretrial Services report and the information contained in the Magistrate's Order of Detention are accurate.

Of some significance to the issues presented in this petition the undersigned states that Mr. Page is a United States citizen. He has lived his entire life in Brooklyn, New York and has maintained continuous gainful employment as an adult.

Mr. Page is engaged to Ms. Monique Hamblin who is also a United States citizen and resident of Brooklyn, New York.

Mr. Page has a criminal record in the state of New York but the undersigned has spoken with the defendant's lawyer in a pending case in the

2

state of New York and expects to supplement this memorandum with additional information concerning this pending matter.

## REQUEST FOR RELEASE

Under 18 U.S.C. Section 3142, ("The Bail Reform Act" or "the Act") the judicial officer shall order that, pending trial, the Defendant be (1) released on his own recognizance or upon execution of an unsecured bond; (2) released on a condition or combination of conditions; (3) temporarily detained to permit revocation of conditional release, deportation, or exclusion; or (4) detained. 18 U.S.C. Section 3142 (a). Under the Act, the judicial officer may detain a person pending trial only if, after a detention hearing held pursuant to 18 U.S.C. Section 3142 (f), the judicial officer determines that "no condition or combination of conditions set forth under 18 U.S.C. Section 3142 (b) or (c) will reasonably assure the appearance of the person as required and the safety of any other person and the community". 18 U.S.C. Section 3142 (e). The Supreme Court, in United States v. Salerno, 481 U.S. 739, 747, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987) has cautioned that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." Id. At 755, 107 S.Ct. at 2105. For this reason, the Defendant may be detained only if the judicial officer finds by (1) clear and convincing evidence, that the Defendant is a danger to the community, or (2) a preponderance of the evidence, that the Defendant poses a risk of flight. See 18 U.S.C Section 3142 (f); United States v. Jackson, 823 F. 2d 4-5 (2d Cir.. 1987); United States v. Berrios-Berrios, 791 F.2d 246, 250 (2d Cir.

3

1986), cert. Denied, 479 U.S. 978, 107 S. Ct. 562, 93 L.Ed.2d 568 (1986). See also United States v. Patriarca, 948 F. 2d 789, 792-93 (1st Cir. 1991). Furthermore, the judicial officer "may not impose a financial condition that results in the pretrial detention of the person". 18 U.S.C Section 3142 (c).

The Bail Reform Act establishes a two-step procedure for making the determination that the Defendant should be detained. First, the Government is entitled to move for detention where the Defendant has been charged with one of the offenses enumerated in the statute for which Congress has determined that detention is warranted. See 18 U.S.C. Section 3142 (f) (1). The Government may also move for detention, or the judicial officer may on his or her own motion move for detention, where the case involves a serious risk that the Defendant will flee or that the Defendant will obstruct or attempt to obstruct justice. 18 U.S.C. Section 3142 (f) (2). Second, the judicial officer must determine whether any condition or combination of conditions will adequately ensure the appearance of the Defendant and the safety of the community against any danger posed by the Defendant's pretrial release.

In making the determination as to whether "any condition or combination of conditions will reasonably assure the appearance of the [Defendant] as required and the safety of any other person and the community", the judicial officer is compelled to consider the following factors:

(1)  the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic

4

drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including-

- (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

- (B) whether, at the time of the current offense or arrest, he was on probation, on parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4) the nature and seriousness of the danger to any other person or the community that would be posed by the person's release....

18 U.S.C. Section 3142 (g).

The statute states in part that it is appropriate for a judicial officer to enter an order of detention where there is a determination that no conditions of release will reasonably assure the appearance of the defendant at trial or where the safety of the community is put at risk. The Court is required to take into consideration several factors, including: the weight of the evidence, the history and character of the defendant, family ties, employment, financial resources, ties to the community, and criminal history. 18 U.S.C. Sec. 3142 (g).

5

The information contained in an Affidavit in support of Criminal Complaint in this matter indicates that the defendant was stopped and arrested in a vehicle parked some distance from a warehouse where undercover agents were delivering cocaine to a co-defendant. Agents searched the defendant and the vehicle and did not find contraband or other evidence related to conspiracy. The other evidence presented in this Affidavit and during testimony at the probable cause hearing indicated that there was a several month investigation involving wiretap evidence, consensually recorded telephone conversations, and consensually recorded conversations from meetings between a co-defendant and undercover agents. During this several month investigation there was no evidence relating to Mr. Page directly or indirectly. Mr. Page is absent from any surveillance and any dealings with either co-defendants or undercover agents during this lengthily investigation.

The only evidence seems to be that the defendant was present in a car at the time of this transaction, quite some distance from the warehouse where the co-defendant was accepting delivery of cocaine.

No incriminating statements have attributed to the defendant.

The defendant is alleged to have been present at a Prudential Center cafeteria when a co-defendant allegedly met with undercover agents to discuss this pending drug transaction. This meeting provides little incriminating evidence and while probable cause has been found, the weight of the government's case against Mr. Page is very questionable.

6

In light of all of this, the defendant puts forth the following conditions for release:

1. That the defendant be ordered to remain at his fiance's residence at 1102 Carroll Street, Brooklyn, New York with his fiance Monique Hamblin and Monique's sister, Michelle Hamblin, where both individuals will act as a sponsor to him and subject to the electronic monitoring program with the exception of employment hours, visits to pretrial services and the Federal District Court in Brooklyn, visits with his attorneys, and scheduled court appearances. Ms. Hamblin and sister have volunteered to act as a third party custodian for the defendant should he be released. If the court is inclined to entertain the defendant's motion, they will cooperate with pretrial services.

2. That the defendant be subject to electronic monitoring;

3. That the defendant have no contact with any witness or any person associated with the government's case;

4. Any other condition that the Court deems appropriate to assure the appearance of the defendant and assure the safety of the community.

Respectfully submitted,
**ANDRE PAGE**,
By his lawyer,

DATE: 7/21/04

_____
**William J. Keefe**
**BBO # 556817**
One McKinley Square, Third Floor
Boston, MA 02109
Telephone (617) 399-1570
Facsimile (617) 723-1710

## CERTIFICATE OF SERVICE

    I, William Keefe, hereby certify that this 21st day of July of 2004 I hand delivered copies of the enclosed defendant's Petition for Review of Detention Order to be served on David Tobin, Esquire, Office of the United States Attorney, One Courthouse Way, Floor Nine, Boston Massachusetts, 02210.

_____
William Keefe

Dated: 7/21/2004
**Hand Delivered**